HLD-126 (April 2010)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4466
_____

PURNELL R. NELSON,
                                        Appellant
v.

DAUPHIN COUNTY PUBLIC DEFENDER;
COMMONWEALTH OF PENNSYLVANIA;
KENNETH A. RAPP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02066)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2010
Before:  SCIRICA, WEIS and GARTH, Circuit Judges
(Opinion filed: May 24, 2010)
_____

OPINION
_____

PER CURIAM.

        Purnell R. Nelson appeals from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his civil rights action filed pursuant to

1

42 U.S.C. § 1983. Nelson, an inmate of the Dauphin County Prison, named as defendants Kenneth A. Rapp, the Dauphin County Public Defender; the office of the Dauphin County Public Defender; and the Commonwealth of Pennsylvania. Nelson alleged that his constitutional rights were violated by the Public Defender when he failed to notify him that a Dauphin County warrant was issued for his arrest. Nelson explained that he was arrested in May 2009 for a parole violation and was placed in the Dauphin County Prison. While he was housed there, in June 2009, an arrest warrant was issued for an outstanding capias, but the Public Defender failed to notify him. Upon Nelson's release in July 2009, he was arrested on the capias, was searched, and had a marijuana joint seized. He was then detained at the Dauphin County Prison. He noted that he filed a motion to dismiss based on an illegal search and seizure, lack of probable cause for arrest, and the arresting officer's failure to act in accordance with the law and provide him with Miranda warnings. Nelson alleged that he suffered mental anguish and psychological damage as a result of the Public Defender's malpractice and incompetence. Further, he asserted that the Public Defender acted outside the scope of his duties by failing to notify Nelson of his pending case before he was arrested on the warrant, and that the Public Defender's unethical misconduct violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. As relief, Nelson sought $1 million in compensatory damages and the same amount in punitive damages.

2

Nelson was granted in forma pauperis status in District Court. The District Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Upon consideration of the record, we will affirm. As noted by the District Court, criminal defense attorneys, including public defenders, do not act "under color of state law" and are not liable under section 1983 when performing traditional functions as defense counsel. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Despite Nelson's assertion that the Public Defender acted outside of the scope of his duties, his allegations concern functions that Nelson expected the Public Defender to perform as defense counsel. Nelson's allegations against defendant Rapp fail to state a claim under section 1983. Further, we agree with the District Court's conclusion that the complaint fails to state a claim against the office of the Public Defender and the Commonwealth of Pennsylvania. The complaint makes no allegations against these two defendants. To the extent that the office of the Public Defender was named as a defendant only in relation to Nelson's allegations against Rapp, the claims must fail. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1986) ("defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") We also agree with the District Court's conclusion that no claim can be made against the Commonwealth of Pennsylvania, because it is not a "person" subject to suit under section

3

1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Accordingly, for essentially the same reasons as those set forth by the District Court in its memorandum, we will affirm.  Nelson's motion for appointment of counsel is denied.